Reed, J.,
delivered the opinion of the court.
• Appellee brought this action originally before a justice of the peace, claiming the sum of §186.40 balance due for stone alleged to have been delivered to appellant. An appeal was taken to the county court, case tried by the court without a jury, resulting in a judgment for §171.81.
•. It appears that one J. H. Naughton had a contract for. bridge and stone work on the line of appellant’s road. He ordered the stone from plaintiff at the agreed price of §4.50 per cubic yard, the railway company to furnish transportation. It was estimated that fourteen car loads would be required. After seven car loads had been shipped to Naughton at Denver, he notified appellee by wire to ship no more stone until further orders. It appears that four car loads of ten cubic yards each were used by Naughton ; the remaining three cars were not used, and it is alleged by appellant that the stone was not received by the company. By the evidence no *531 reason is given for not receiving and paying for the other three cars. About a year later, October 10,1889, the company paid appellee $180, being the price of the four cars used, and appellee executed the following receipt:
“ $180.00 Pueblo, Colo., Oct. 10th, 1889.
“Received of The Denver, Texas & Fort Worth Railroad Co., one hundred and eighty, no-100 dollars, in full settlement of account as follows:
Dated Oct. 2, 1888, 40 cubic yards stone at $4.50 per yard.
Audited bills No. 1553. No.-No.--• Local Treas., check No. 5605,--No.--
(Sign here.) C. F. McCarty. I. P. 295.”
The judgment being for the remaining three cars of stone and interest on the same, numerous errors are assigned of record, the contention of appellant being:
First. That they "were not responsible from the fact that Naughton was to furnish the stone himself and all material, and do the work.
Second. That he was not the agent of the company in the transaction with the appellee.
Third. That the court erred in finding that the receipt of October 10th was not a receipt in full of all demands by McCarty as against the company.
The other errors assigned are not deemed of sufficient importance to warrant examination at any length; are far more technical than substantial.
Testimony in the case is very conflicting. There is no question in regard to the seven cars having been shipped over the Atchison, Topeka & Santa Fe road from the quarry to the appellant corporation, or of the receipt of the cars by it and its payment to the Atchison Company of the freight.
B. W. Grover, who was division superintendent of that di *532 vision of the appellant’s line on which the stone was used, testifies that Naughton, the contractor, was to furnish all material, and the railroad company to transport it free of charge, and that the contractor was to receive a certain price, which he has forgotten, for the complete work in wall.
It is evident that Mr. Grover was laboring under a misapprehension in regard to the bill, as his testimony is contradicted by his own acts and the records of the office. The following was in evidence :
“ Pueblo, Oct. 2,1888.
“ Denver, Texas & Ft. Worth Railway Co.,
“ Dr. to C. F. McCarty,
“ For 40 cubic yards stone at $4.50 per yard. Amt. $180.
“ C. F. McCarty,
“ Contractor.”
“ Pueblo, 10-4, ’88.
“Mr. G. A. Armstrong, Supt. B. and B.,
“Denver, Colo.
“ Dear Sir: — The above bill is for the stone used in construction of the masonry of abutments on Cherry Creek and turn-table. The company was to furnish this stone and transportation for same. Have voucher made favor of party named above and send to Pueblo.
“ Respt. etc.,
“ J. H. Naughton.”
“ This is O. K.
“ G. A. Armstrong,
“ Supt. B. and B.”
“ Authorized, examined and found correct. Examined and approved.
“B. W. Grover, Supt.”
There was no contract made in writing. Naughton testifies to the contract made with Grover whereby the appellant corporation was to furnish the stone, he to furnish lime, cement and other material, and do the work. He also testifies that under the instructions of Grover to order the stone from appellee he agreed upon the price and ordered it.
*533 It is claimed in the argument that Raughton, being only a contractor, was not the agent of the company to make the purchase and could not bind the company by any such contract. If the testimony of Raughton is to be believed, which it evidently was by the court, it certainly was a special agency for that specific purpose. By the orders and instructions of Grover to purchase the stone for and on behalf of the appellant corporation, the agency need not have been general, and Grover, who is authority on the question, had full power to delegate the purchase of the stone to Raughton and designate the party from whom it should be purchased, and in so far as this specific agency was created for the single act the company would be held for the performance. The conflict of testimony was so marked that it was impossible to harmonize it, and all the court could do Avas to give credit to one party and disbelieve the other. Under such circumstances, the finding of questions of fact by the court Avill not be disturbed on review in this court, but will be taken as found. This rule has been announced so frequently that it is hardly worth while for counsel to insist upon a reversal by reason of a superior weight of testimony. The position taken that the receipt Avas a receipt in full of all demands and operated as a full release to the corporation for all claims of the appellee is untenable. If it had been, as supposed by counsel, a receipt in full, the well established rule of law is, and has been so often asserted that authorities in its support are unnecessary, that a receipt even purporting to be a receipt in full is at all times liable to explanation and to impeachment. An examination of the receipt given shows that it was not a receipt and release of all demands, but, as stated in the body of the receipt, “ In full settlement of account as follows: 40 cubic yards of stone at $4.50 per yard.” That seven car loads were shipped, amounting to 70 cubic yards, is not disputed, and the receipt upon its face, by the bill attached, shows conclusively that it was not in payment or settlement of seven car loads of stone, but of four loads. Under any circumstances the receipt could not, even if un *534 explained by all the testimony, be regarded as a receipt in full for seven car loads of stone of ten cubic yards each.
, We conclude that the court was warranted in finding that the stone was to be furnished by the appellant corporation ; that Naughton was authorized by the division superintendent to purchase the stone from the appellee, and that he did so at an agreed price of $4.50 a cubic yard; that seven car loads of stone were shipped under the contract, four of which were paid for, and the price of the remaining three unpaid; that the receipt offered in evidence was not a release of all claims, and that the balance as found by the court was due; and that the judgment should be affirmed.

Affirmed.